UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| **BENJAMIN L. COOPER**<br>   FED. REG. # 08069-021 | **CIVIL ACTION NO. 09-0433** |
| | **SECTION P** |
| VS. | |
| | **JUDGE MINALDI** |
| **WARDEN JOE P. YOUNG** | **MAGISTRATE JUDGE KAY** |

REPORT AND RECOMMENDATION

*Pro se* petitioner Benjamin L. Cooper filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 on March 16, 2009. Doc. 1. Petitioner is an inmate in the custody of the Federal Bureau of Prisons (BOP), incarcerated at the Federal Detention Center, Oakdale, Louisiana (FDCO). He complains that (1) he has been unlawfully confined to the prison's Special Housing Unit since February 26, 2008; (2) he has been denied visitation privileges; and, (3) his continued confinement under such circumstances amounts to a violation of due process and cruel and unusual punishment.

In addition to *habeas corpus* relief, release from the SHU and transfer to another prison, petitioner seeks an unspecified amount of punitive damages. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636. For the following reasons it is recommended that the petition be **DISMISSED WITHOUT PREJUDICE.**

*Background*

In his original petition, petitioner provided no details with respect to his request for

1

*habeas corpus* relief. He only generally complained that his due process rights were violated when prison officials confined him to Administrative Segregation or the Special Housing Unit (SHU) without any "incident reports" in February 2008. *Id.* at 5. He claimed that "they are trying to force me to be a government employee and I am refusing." *Id.* He claimed that prison officials refused to inform his Unit Manager of the reasons for his continued SHU detention and that his continued detention amounts to cruel and unusual punishment.

Petitioner was directed to amend his petition to provide additional information (doc. 3), and on July 15, 2009 he provided some additional information. Doc. 4. According to the amended petition and exhibits, petitioner was Head Unit Orderly at the Federal Corrections Institute (FCIO) and he consistently received outstanding work performance ratings from the Unit Team. *Id.* at 1. However, on February 26, 2008 his Unit Officer advised him that SIS (Special Investigative Services) ordered him confined in the SHU. The Unit Officer provided no explanation for why he was placed in SHU. On March 6, 2008 Special Investigative Agent (SIA) Buck advised him that he was being locked up because he was "always hanging around the unit officer and that [he was] always talking with the unit officer . . . ." *Id.* Thereafter, on June 26, 2008 petitioner was moved to the Federal Detention Center (FDC). *Id.* On August 22, 2008 the Unit Manager from FCI advised petitioner that SIA Buck had ordered petitioner's visiting privileges restricted. *Id.*

On October 2, 2008 petitioner found and then submitted a BP-9 grievance which was not acted upon. *Id.* Later, his Unit Manager provided him with BP-8 and BP-9 Grievance forms which petitioner submitted to his Unit Manager. Petitioner ultimately submitted a BP-10 Grievance to the regional director. However, when he received a negative response, he did not

follow through with filing BP-11 to the National Headquarters level.[1] According to petitioner, he was unable to obtain the form because his Unit Manager became a DHO and he was unable to contact her. *Id.* Since petitioner was unable to obtain a BP-11 he filed the instant petition for writ of *habeas corpus*.

On March 2, 2009 Internal Affairs interviewed petitioner and advised him that the investigation was ongoing. Petitioner claims that he has not violated any rules or regulations. He requests restoration of his visiting privileges and a transfer of his incarceration to another institution. He also requests release from SHU. *Id.*

## *Law and Analysis*

Petitioner implies that his continued detention in the SHU violates his Fifth Amendment due process rights and his Eighth Amendment right to be free from cruel and unusual punishment. He seeks *habeas corpus* relief pursuant to the provisions of 28 U.S.C. § 2241. However, petitioner can utilize *habeas corpus* proceedings only if he is challenging the <u>fact or duration of his confinement</u>. *Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S.Ct. 1827, 1833, 36 L.Ed.,2d 439 (1973); *see also, Spina v. Aaron*, 821 F.2d 1126, 1128 (5th Cir. 1987). Here, petitioner does not attack the <u>duration</u> of his confinement, but rather, the <u>conditions</u> of his confinement.

Attacks on conditions of confinement are not cognizable in a *habeas* petition. *See Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't,* 37 F.3d 166, 168 (5th Cir. 1994) "The core issue in determining whether a prisoner must pursue *habeas corpus* relief rather than a civil rights action is to determine whether the prisoner challenges the 'fact or duration' of his

---

[1] *See* doc. 4, at 2-5 (grievances submitted at local and regional level and regional response dated January 27, 2009).

confinement or merely the rules, customs, and procedures affecting 'conditions' of confinement." *Id.*

Put another way, if "a favorable determination would not automatically entitle [the prisoner] to accelerated release" he may not utilize *habeas corpus* procedures and must instead vindicate his rights through a properly filed civil rights proceeding. *Carson v. Johnson*, 112 F.3d 818, 820-21 (5th Cir. 1997), quoting *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir.1995) (per curiam), *cert. denied*, 516 U.S. 1059, 116 S.Ct. 736, 133 L.Ed.2d 686 (1996).

Petitioner's Fifth Amendment (due process) and Eighth Amendment (cruel and unusual punishment) claims contest the conditions and not the fact or duration of his confinement. Since success in this proceeding would not entitle petitioner to accelerated release, he is not entitled to relief pursuant to 28 U.S.C. § 2241. In other words, since petitioner's placement in administrative segregation, in itself, has had no effect on the <u>duration</u> of his confinement he is not entitled to *habeas* relief. *Dixon v. Hastings*, 202 Fed. Appx. 750 (5th Cir. 2006) unpublished). Instead, a civil rights action[2] provides the appropriate vehicle to attack these allegedly unconstitutional conditions of confinement. *Johnson v. Pfeiffer*, 821 F.2d 1120, 1123 (5th Cir.1987); *Preiser*, 411 U.S. at 498, 93 S.Ct. at 1840-41.

The undersigned is reluctant to construe the petition as asserting civil rights claims pursuant to *Bivens*. Allowing petitioner to prosecute this action based on the payment of the $5.00 *habeas corpus* filing fee instead of the $350.00 filing fee applicable to civil rights actions would allow petitioner to circumvent the filing fee requirements of the Prison Litigation Reform

---

[2] Since petitioner complains about the deprivation of rights at the hands of federal and not state actors, his cause of action would be authorized by *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

Act.

Accordingly, petitioner's claims regarding the conditions of his confinement should be dismissed without prejudice to his ability to pursue such claims by filing the appropriate action.³

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITHOUT PREJUDICE.**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the**

---

³ It is not entirely clear that petitioner could succeed on his due process claim even if he filed the appropriate cause of action. This is so because, "[t]he Due Process Clause does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner." *Sandin v. Conner*, 515 U.S. 472, 478, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). A prisoner's due process rights are limited to freedom from restraints that impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484. Thus, relying on *Sandin*, the Fifth Circuit has found that "'administrative segregation, without more, simply does not constitute a deprivation of a constitutionally cognizable liberty interest.'" *Pichardo v. Kinker*, 73 F.3d 612, 613 (5th Cir.1996) (quoting *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir.1995)) (rejecting claim that confinement in administrative segregation violated prisoner's due process rights). The Fifth Circuit has also rejected a prisoner's claim that the additional restrictions imposed on those in administrative segregation violate due process. *See Martin v. Scott*, 156 F.3d 578, 580 (5th Cir.1998) (per curiam) (Absent extraordinary circumstances, administrative segregation as such, being an incident to the ordinary life of a prisoner, will never be a ground for constitutional claim because it simply does not constitute a deprivation of a constitutionally cognizable liberty interest.). In other words, when a prisoner is lawfully incarcerated, he loses, by virtue of his confinement, many of the rights and privileges that most citizens enjoy. *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir.1997). Thus, "... mere changes in the conditions of confinement . . . do not implicate due process concerns." *See Madison*, 104 F.3d at 768).

Furthermore, petitioner is cautioned that before he may proceed with a civil rights complaint alleging Fifth or Eighth Amendment violations, he would be required, pursuant to the provisions of 42 U.S.C. §1997e to exhaust the administrative remedies provided by the BOP. It appears that petitioner has begun the process, but he has not completed it.

**proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

Signed, in chambers, Lake Charles, Louisiana this 15th day of October, 2009.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE